**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:                                                                              Chapter 7 No. HG-10-01379
Terry Lee Atkin Sr.
                        Debtor.                                         Hon. Jeffrey R. Hughes
_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ENTRY OF ORDER WAIVING THE PROVISION OF FRBP 4001(A)(3)

NOW COMES Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns with GMAC Mortgage as servicer for lender, by and through its attorneys, Trott & Trott, P.C., and shows unto this Honorable Court as follows:

1. That Movant is a holder of a mortgage on property owned by the Debtor(s) and located at 1083 Bakker Rd, Muskegon, MI 49444-3967 (see attached copy of loan document(s));

2. That the Debtor(s) filed Chapter 7 Bankruptcy on February 8, 2010;

3. That pursuant to 11 U.S.C. § 362(d)(1), upon the request of any party in interest, the court shall grant relief from stay for cause, including lack of adequate protection of such party in interest. Cause may also include failure of the debtor to comply with obligations under 11 U.S.C. § 521(a)(2);

4. That pursuant to the mortgage agreement, the Debtor(s) are required to remit monthly payments to Movant currently in the amount of $1,220.79;

5. That pursuant to the books and records of Movant, the Debtor(s) has failed to remit the required payments;

6. That Movant is not adequately protected as the direct payments are not being remitted and the loan is currently twelve (12) months in default, due and owing for May 1, 2009. At the time of the default, the payment amount was $658.71. Payment amounts may have changed since that time;

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525
PHONE 248.642.2515
FACSIMILE 248.642.3628

7. That pursuant to 11 U.S.C. § 362(d)(2)(A) and (B), the Court shall grant relief from the stay if the Debtors do not have any equity in the property and the property is not necessary to an effective reorganization;

8. That the approximate market value of the subject property is $60,000.00;

9. That after the hypothetical costs of the sale of the subject property are deducted, the true approximate market value is $54,000.00;

10. That the total debt owing to Movant, is approximately $94,823.10;

11. That Research and Development may have an interest in the subject property to the knowledge and belief of Movant;

12. That to the knowledge and belief of Movant, City of Muskegon Treasurer may have an additional $1,290.70 interest in the subject property;

13. That no other creditor will receive any benefit from the sale of the subject property;

14. That in the event the automatic stay is terminated to allow Creditor to commence or continue its federal and/or state law rights as to the property, and Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as the Debtor(s) should Creditor seek to shorten the redemption period.

15. That pursuant to Local Bankruptcy Rule 9013(c)(1)(B), attached is a copy of the proposed ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) labeled as Exhibit "1";

WHEREFORE, Movant respectfully requests that the Court enter an ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) for good cause shown pursuant to 11 U.S.C. §362(d)(1) and/or (d)(2), and that the Order is effective immediately upon entry by this Court

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334-2525
PHONE 248.642.2515
FACSIMILE 248.642.3628

notwithstanding the provision of FRBP 4001(a)(3); and whatever other relief the Court deems just and equitable.

                                             Respectfully Submitted,
                                             Trott & Trott, P.C.

Dated: April 15, 2010

                                             /S/ James W. Batchelor (P25500)
                                             /S/ Shawn C. Drummond (P58471)
                                             <u>/S/ Adam Reatherford (P70827)</u>
                                             Attorney for Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns with GMAC Mortgage as servicer for lender
                                             31440 Northwestern Highway, Suite 200
                                             Farmington Hills, MI 48334-2525
                                             248.642.2515
                                             Email: WesternECF@trottlaw.com

T&T #277058B02

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re:                                                                                           Chapter 7 No. HG-10-01379
Terry Lee Atkin Sr.
                            Debtor.                                                      Hon. Jeffrey R. Hughes
_____/

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3)**

Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns with GMAC Mortgage as servicer for lender, by and through its attorneys, Trott & Trott, P.C., having filed a Motion For Relief From The Automatic Stay with respect to the property located at 1083 Bakker Rd, Muskegon, MI 49444-3967; and the Court being in receipt of the Motion, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED that the Automatic Stay is hereby terminated as to Movant with respect to the property located at 1083 Bakker Rd, Muskegon, MI 49444-3967.   This Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3). This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

**END OF ORDER**